CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKL

JUL 2 5 2014

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| REGINALD L. ALLEN, ) | Civil Action No. 7:14-cv-00362 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| DANVILLE CITY JAIL, et al., ) | By: Hon. Jackson L. Kiser | |
| Defendants. ) | Senior United States District Judge | |

Reginald L. Allen, a Virginia inmate proceeding pro se, filed a Complaint, pursuant to 42 U.S.C. § 1983, naming as defendants the Danville City Jail ("Jail"), Sheriff Mike Mondul, Major Matthew Wyatt, and Captain Martin. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A.[1] After reviewing Plaintiff's submissions, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted.

Plaintiff alleges that the Jail refuses to send him to the Danville Adult Detention Center, in accordance with an order from the Circuit Court for the City of Danville, because the Jail is trying to profit from Plaintiff's incarceration. Plaintiff also alleges that the Jail discriminates against black inmates by incarcerating white inmates in more comfortable dormitories.

---

[1] I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).
  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

The court must dismiss claims alleged against the Jail because the Jail is not amenable to suit via § 1983. See West v. Atkins, 487 U.S. 42, 48 (1988) (recognizing a § 1983 claim must allege the violation of a federal right by a person acting under color of state law); McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 894 (E.D. Va. 1992) (reasoning local jails are not appropriate defendants to § 1983 actions). Plaintiff also fails to allege any act or omission by any other defendant, and §1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See, e.g., Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). Accordingly, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted.

ENTER: This 25th day of July, 2014.

/s/ Jackson J. Kiser
Senior United States District Judge